1
2
3
4
5
6
7
8
9
10

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIANO MEZA, | Case No. 1:23-cv-01736-EPG-HC |
| Petitioner, | |
| v. | ORDER TO SHOW CAUSE WHY PETITION SHOULD NOT BE DISMISSED FOR FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES |
| WARDEN, | |
| Respondent. | |

Petitioner Mariano Meza is a federal prisoner proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

Rule 4 of the Rules Governing Section 2254 Cases[1] requires preliminary review of a habeas petition and allows a district court to dismiss a petition before the respondent is ordered to file a response, if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254.

In the petition, Petitioner challenges a Federal Bureau of Prisons' ("BOP") policy (Program Statement 5410.01), alleging that it excludes eligible inmates, including Petitioner, from applying First Step Act ("FSA") time credits ("FTCs" or "ETCs") on the basis of having an

---

[1] The Rules Governing Section 2254 Cases may apply to § 2241 habeas petitions. See Rule 1(b) of the Rules Governing Section 2254 Cases.

immigration detainer with a box stating "deportation or removal from the United States has been ordered" checked off. (ECF No. 1 at 2, 18.)[2] Program Statement 5410.01 used to provide that "[w]hile inmates with unresolved pending charges and/or detainers may earn FTCs, if otherwise eligible, they will be unable to apply them to prerelease custody or release to supervision unless the charges and/or detainers are resolved. An inmate with an unresolved immigration status will be treated as if he/she has unresolved pending charges with regard to the application of FTCs." Bureau of Prisons, Program Statement 5410.01, *First Step Act of 2018 – Time Credits: Procedures for Implementation of 18 U.S.C. § 3632(d)(4)*, at 13 (Nov. 18, 2022), https://www.bop.gov/policy/progstat/5410.01_cn2.pdf (last visited Dec. 22, 2023). On February 6, 2023, the BOP issued Change Notice 5410.01 CN-1, which struck the language quoted above. Bureau of Prisons, Change Notice No. 541001 CN-1 (Feb. 6, 2023).[3] "As a result of Change Notice 5410.01, federal prisoners subject to immigration detainers are no longer automatically prohibited from applying their earned time credits." Alatorre v. Derr, No. CV 22-00516 JMS-WRP, 2023 WL 2599546, at *5 (D. Haw. Mar. 22, 2023).

"As a prudential matter, courts require that habeas petitioners exhaust all available judicial and administrative remedies before seeking relief under § 2241." Ward v. Chavez, 678 F.3d 1042, 1045 (9th Cir. 2012) (citations omitted). However, because it is not a jurisdictional prerequisite, exhaustion can be waived if pursuing administrative remedies would be futile. Id. (citations omitted). Petitioner states that he did not pursue administrative remedies because "[a]ny appeal to BOP . . . would be futile" as "[t]his is a legal question of law." (ECF No. 1 at 2.) A district judge in this Court has found that pursuing administrative remedies in similar circumstances would not be futile because "[t]his dispute does not concern the BOP's interpretation of a statute. Rather, it is a factual dispute. If in fact the BOP has erroneously determined that Petitioner is subject to a final order of removal rather than an immigration

---

[2] Page numbers refer to the ECF page numbers stamped at the top of the page.
[3] Pursuant to Federal Rule of Evidence 201, the Court takes judicial notice of the BOP program statement and change notice. Fed. R. Evid. 201. See United States v. Thornton, 511 F.3d 1221, 1229 n.5 (9th Cir. 2008) (taking judicial notice of BOP program statement); United States v. Raygoza-Garcia, 902 F.3d 994, 1001 (9th Cir. 2018) ("A court may take judicial notice of undisputed matters of public record[.]").

detainer, an administrative appeal to correct the factual dispute should prove fruitful." Orozco-Orozco v. Warden, FCI Mendota, No. 1:23-cv-00908-JLT-SKO, 2023 WL 4493730, at *1 (E.D. Cal. July 12, 2023).

Accordingly, IT IS HEREBY ORDERED that Petitioner SHALL SHOW CAUSE why the petition should not be dismissed for failure to exhaust administrative remedies within **THIRTY (30) days** from the date of service of this order.

Petitioner is forewarned that failure to follow this order may result in dismissal of the petition pursuant to Federal Rule of Civil Procedure 41(b) (a petitioner's failure to prosecute or to comply with a court order may result in a dismissal of the action).

IT IS SO ORDERED.

Dated:   **December 22, 2023**                    /s/ _Erica P. Grosjean_
                                                    UNITED STATES MAGISTRATE JUDGE

3