# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIANO MEZA,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>WARDEN,<br><br>　　　　Respondent. | Case No. 1:23-cv-01736-EPG-HC<br><br>ORDER DISCHARGING ORDER TO SHOW CAUSE<br><br>(ECF No. 5) |

Petitioner Mariano Meza is a federal prisoner proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. The Court ordered Petitioner to show cause why the petition should not be dismissed for failure to exhaust administrative remedies, and Petitioner has filed a response. (ECF Nos. 5, 7.)

In the petition, Petitioner challenges a Federal Bureau of Prisons' ("BOP") policy (Program Statement 5410.01), alleging that it excludes eligible inmates, including Petitioner, from applying First Step Act ("FSA") time credits ("FTCs" or "ETCs") on the basis of having an immigration detainer with a box stating "deportation or removal from the United States has been ordered" checked off. (ECF No. 1 at 2, 18. [1]) Program Statement 5410.01 used to provide that "[w]hile inmates with unresolved pending charges and/or detainers may earn FTCs, if otherwise eligible, they will be unable to apply them to prerelease custody or release to supervision unless

---

[1] Page numbers refer to the ECF page numbers stamped at the top of the page.

the charges and/or detainers are resolved. An inmate with an unresolved immigration status will be treated as if he/she has unresolved pending charges with regard to the application of FTCs." Bureau of Prisons, Program Statement 5410.01, *First Step Act of 2018 – Time Credits: Procedures for Implementation of 18 U.S.C. § 3632(d)(4)*, at 13 (Nov. 18, 2022), https://www.bop.gov/policy/progstat/5410.01_cn2.pdf (last visited Apr. 1, 2024). On February 6, 2023, the BOP issued Change Notice 5410.01 CN-1, which struck the language quoted above. Bureau of Prisons, Change Notice No. 541001 CN-1 (Feb. 6, 2023).[2] "As a result of Change Notice 5410.01, federal prisoners subject to immigration detainers are no longer automatically prohibited from applying their earned time credits." Alatorre v. Derr, No. CV 22-00516 JMS-WRP, 2023 WL 2599546, at *5 (D. Haw. Mar. 22, 2023).

"As a prudential matter, courts require that habeas petitioners exhaust all available judicial and administrative remedies before seeking relief under § 2241." Ward v. Chavez, 678 F.3d 1042, 1045 (9th Cir. 2012) (citations omitted). However, because it is not a jurisdictional prerequisite, exhaustion can be waived if pursuing administrative remedies would be futile. Id. (citations omitted). Petitioner states that he did not pursue administrative remedies because "[a]ny appeal to BOP . . . would be futile" as "[t]his is a legal question of law." (ECF No. 1 at 2.) A district judge in this Court has found that pursuing administrative remedies in similar circumstances would not be futile because "[t]his dispute does not concern the BOP's interpretation of a statute. Rather, it is a factual dispute. If in fact the BOP has erroneously determined that Petitioner is subject to a final order of removal rather than an immigration detainer, an administrative appeal to correct the factual dispute should prove fruitful." Orozco-Orozco v. Warden, FCI Mendota, No. 1:23-cv-00908-JLT-SKO, 2023 WL 4493730, at *1 (E.D. Cal. July 12, 2023).

In his response to the order to show cause, Petitioner asserts that "F.C.I. Mendota and other BOP officials have informed Petitioner that FSA time credits will not be applied due to the

---

[2] Pursuant to Federal Rule of Evidence 201, the Court takes judicial notice of the BOP program statement and change notice. Fed. R. Evid. 201. See United States v. Thornton, 511 F.3d 1221, 1229 n.5 (9th Cir. 2008) (taking judicial notice of BOP program statement); United States v. Raygoza-Garcia, 902 F.3d 994, 1001 (9th Cir. 2018) ("A court may take judicial notice of undisputed matters of public record[.]").

immigration detainer. There is nothing indicating the BOP will alter this position." (ECF No. 7 at 1–2.)  Petitioner also cites to Saxon v. Warden, No. 1:23-cv-01110-SKO, where the Court ordered the respondent to file a copy of the final order of removal because it could not verify whether the petitioner is subject to a final order of removal otherwise, it was subsequently determined that the petitioner was not subject to a final order of removal, the appropriate FSA time credits were applied, and the petitioner was released. (Id. at 2–3.) The Court construes Petitioner's argument to be that an immigration detainer indicating that the prisoner is subject to a final order of removal is sufficient to deny BOP administrative relief without a requirement that the purported final order of removal itself be reviewed, and therefore, an administrative appeal to correct the factual dispute would not be fruitful. See Bernhardt v. Los Angeles County, 339 F.3d 920, 925 (9th Cir. 2003) ("Courts have a duty to construe pro se pleadings liberally[.]").

  Accordingly, IT IS HEREBY ORDERED that the order to show cause (ECF No. 5) is DISCHARGED.

IT IS SO ORDERED.

  Dated: **April 1, 2024**     /s/ Erica P. Grosjean
             UNITED STATES MAGISTRATE JUDGE