# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIANO MEZA,<br><br>      Petitioner,<br><br>    v.<br><br>WARDEN,<br><br>      Respondent. | Case No. 1:23-cv-01736-EPG-HC<br><br>FINDINGS AND RECOMMENDATION TO GRANT RESPONDENT'S MOTION TO DISMISS AND DISMISS PETITION FOR WRIT OF HABEAS CORPUS AS MOOT<br><br>(ECF No. 11)<br><br>ORDER DIRECTING CLERK OF COURT TO ASSIGN DISTRICT JUDGE |

Petitioner Mariano Meza is a federal prisoner proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. For the reasons stated herein, the undersigned recommends granting Respondent's motion to dismiss and dismissing the petition as moot.

**I.**

**BACKGROUND**

In the petition, Petitioner challenges a Federal Bureau of Prisons' ("BOP") policy of refusing to allow prisoners with immigration detainers or unresolved immigration status to apply First Step Act ("FSA") Time Credits ("FTCs"). (ECF No. 1.) Respondent has filed a motion to dismiss the petition, arguing that this Court lacks "statutory authority under § 2241 to compel BOP discretionary (sentence end-phase programming) action via declaratory and advisory opinions," Petitioner has failed to exhaust administrative remedies, and there is no case and

1

1 controversy because Petitioner has been determined eligible for award of FTCs. (ECF No. 11 at

2 2–3.[1]) To date, Petitioner has not filed an opposition or statement of non-opposition to the

3 motion to dismiss, and the time for doing so has passed.

## II.

## DISCUSSION

The jurisdiction of federal courts is limited to "actual, ongoing cases or controversies." Lewis v. Continental Bank Corp., 494 U.S. 472, 477 (1990). "This case-or-controversy requirement subsists through all stages of federal judicial proceedings," which "means that, throughout the litigation, the plaintiff 'must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision.'" Spencer v. Kemna, 523 U.S. 1, 7 (1998) (quoting Lewis, 494 U.S. at 477).

The record before the Court shows that as of May 18, 2024, Petitioner's FSA status is "eligible" with 365 days of FSA credits. (App. 5.[2]) Given that Petitioner has received the remedy he requested in his petition, the undersigned finds that no case or controversy exists and dismissal is warranted on this ground.[3]

## III.

## RECOMMENDATION & ORDER

Accordingly, the undersigned HEREBY RECOMMENDS that Respondent's motion to dismiss (ECF No. 11) be GRANTED and the petition for writ of habeas corpus be DISMISSED as moot.

Further, the Clerk of Court is DIRECTED to randomly ASSIGN a District Court Judge to the present matter.

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within

---

[1] Page numbers refer to the ECF page numbers stamped at the top of the page.

[2] "App." refers to the Appendix filed by Respondent on June 30, 2023. (ECF No. 8-1.) Appendix page numbers refer to the page numbers stamped at the bottom.

[3] As the Court finds that the petition should be dismissed for lack of case or controversy, the Court will not address Respondent's other grounds for dismissal set forth in the motion to dismiss.

**THIRTY (30) days** after service of the Findings and Recommendation, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the objections shall be served and filed within fourteen (14) days after service of the objections. The assigned United States District Court Judge will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Wilkerson v. Wheeler</u>, 772 F.3d 834, 839 (9th Cir. 2014) (citing <u>Baxter v. Sullivan</u>, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:    **August 14, 2024**            /s/ Erica P. Grosjean
　　　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE